IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MALAKI B.,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant.

Case No. 3:18-cv-00392-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Malaki B. brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commission of Social Security ("Commissioner"). The Commissioner denied Plaintiff's claim for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On March 19, 2013, plaintiff applied for SSI. She alleged disability due to moderate degenerative disc disease that began in 2010. Plaintiff appeared in front of

Page 1 – OPINION AND ORDER

an administrative law judge ("ALJ") on April 7, 2015, following denial of her application at the initial and reconsideration levels. During the hearing, plaintiff moved to amend the alleged onset date of her disability to March 19, 2013. On May 13, 2015, the ALJ issued a decision finding plaintiff not disabled. Plaintiff requested the agency's Appeals Council to review the ALJ's decision and submitted new evidence for consideration. The Appeals Council denied plaintiff's request for review on January 8, 2018, which made the ALJ's decision final. Plaintiff now seeks review of the final decision in this Court.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and

internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon a claimant to establish disability. *Howard v. Hechler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity', the claimant can still do his or her 'past relevant work'; and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since her application date. At step two, the ALJ found that plaintiff's severe impairment was "degenerative disc disease of the lumbar spine." Tr. 103. The ALJ also found that the right lateral malleolar fracture, contusion to her right forearm, and fracture of the distal phalanx of her right small finger would not cause any severe functional limitations and were therefore not severe impairments. The ALJ notes that the contusion to her right arm sustained during a car accident in 2014 has not persisted for more than 12 months, and therefore, even if the injury has resulted in a significant decrease of function in her right arm, it does not meet the requirements of a severe impairment.

At step three, the ALJ determined that the plaintiff's impairment does not meet or equal the severity of a listed impairment. 20 C.F.R. § 416,920(d); § 416.925; § 416.926. The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found that Plaintiff

> has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that she can frequently climb ladders, ropes or scaffolds or stoop. She is limited to simple, routine tasks equivalent to SVP 1 or SVP2 1 type work.

TR. 104

At step four, the ALJ found that the plaintiff does not have any past relevant work. Tr. 111. At step five, the ALJ determined with a vocational expert that, considering plaintiff's age, education, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that plaintiff could perform, including laundry laborer, bakery worker, and small products

Page 4 – OPINION AND ORDER

assembler. Tr. 111-112. Accordingly, the ALJ found that plaintiff was not disabled under the Act.

## DISCUSSION

Plaintiff alleges three issues in her brief: (I) that the ALJ erred in not giving proper credit to plaintiff's subjective symptom testimony; (II) that the ALJ improperly found that there was no right arm impairment; and (III) that the Appeals Council failed to remand the case to the ALJ with the introduction of new evidence.

I. *Subjective Symptom Testimony*

Plaintiff argues that the ALJ did not give clear and convincing reasons in rejecting her symptomatic testimony regarding the severity of her degenerative disc disease and right hand weakness.

"The ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "Credibility determinations do bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and his diagnosed conditions." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ must provide specific, clear, and convincing reasons to reject a claimants's symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The

reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) An ALJ may reject a plaintiff's symptom testimony if the plaintiff, absent good reason, had an unexplained or inadequately explained failure to seek treatment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ may also consider inconsistent statements regarding the plaintiff's symptoms. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ gave multiple clear and convincing reasons as to why he finds plaintiff's testimony to be lacking credibility. The ALJ based his determination on the "overall medical record, including mild imaging reports, normal examinations, conservative routine medical treatment, generally positive responses to treatment, and the claimant's failure to follow prescribed treatment without an adequate explanation..." Tr. 106. Plaintiff reported that she has limited functionality but reports from doctors show that she has a full range of motion and no difficulty walking. Tr. 421. Plaintiff also asserts that she has compartment syndrome in her right arm when an examination by emergency room doctors demonstrated otherwise and found no significant injuries from the accident. Tr. 514. The ALJ lays out clearly which evidentiary records he relies on in determining plaintiff's lack of credibility which satisfies the standard of review.

Plaintiff also has responded positively to physical therapy treatment. Tr. 106. Plaintiff found one round of therapy to be "very helpful" and requested a prescription for continued physical therapy. Tr. 402. However, plaintiff did not follow up on this treatment and was released as a patient from the facility. Plaintiff did not provide any reason for not seeking further treatment, which provides the ALJ with reasonable grounds to give less credibility to plaintiff's testimony. Because the evidence supports the ALJ's interpretation of plaintiff's condition, this Court must defer to the Commissioner's decision.

## II. Step Two Analysis

Plaintiff argues that the ALJ erred in not finding a severe impairment in plaintiff's right-hand weakness at Step Two. The Court finds no harmful error.

Where an ALJ finds in a claimant's favor at step two, the omission of other impairments at that step is harmless, so long as the ALJ considers resulting limitations throughout the remainder of the analysis. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Where "step two was decided in [the claimant's] favor ... [she] could not possibly have been prejudiced." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at all subsequent steps the effect of the erroneously omitted severe impairment, the error at step two is harmless. *Lewis*, 498 F.3d at 911.

Here, the ALJ did find a severe impairment with the plaintiff's degenerative disc disease at step two of the analysis. Step two is a threshold question that allows continued analysis of plaintiff's disability needs. Because the ALJ found that plaintiff

does have a severe impairment, the threshold was met to continue the disability analysis. Finding an additional impairment would not have impacted the plaintiff's disability consideration at step two. Importantly, the ALJ's failure to consider the right arm impairment is a harmless error, as plaintiff's right arm weakness is assessed throughout the ALJ's opinion.

Further, the ALJ's determination that the right arm weakness is not a severe impairment is supported by the record. After plaintiff was in a car accident in September 2014, she was held overnight at Legacy Emmanuel Medical Center to determine whether or not she had compartment syndrome in her right arm. The doctors concluded that she did not have compartment syndrome and sent her home with her arm in a sling. When plaintiff visited a chiropractor, she complained of right arm pain and was referred to an immediate care facility. When plaintiff visited this facility a week later, she did not mention any pain in her right arm. A few months later, when plaintiff again visited her chiropractor, she was referred to a hand surgeon for consultation. However, there is no evidence in the record that she has visited the hand surgeon to date. Plaintiff's assertions are inconsistent with the medical record regarding potential compartment syndrome and it is reasonable that the ALJ would find that there is no severe impairment in her right arm based on objective medical records. As the ALJ provided clear and convincing reasoning for not finding a severe impairment for her right arm, the ALJ did not err in not finding a severe impairment in plaintiff's right arm.

/ / /

*III. Appeals Council's Failure to Consider New Evidence*

Plaintiff's final argument is that the Appeals Council erred by not considering supplemental evidence submitted by plaintiff when filing her appeal and by failing to remand her case.

The Ninth Circuit has stated that federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). Instead, when the Appeals Council considers new evidence in deciding whether to review an ALJ's decision, the evidence becomes part of the administrative record and the Court must consider the new evidence, along with the record as a whole, when reviewing the ALJ's decision for substantial evidence. *Id.* at 1162-63; see also *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007) (noting that when the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review."). In considering requests for review of ALJ decision, the Appeals Council will only review "new and material evidence submitted to it that relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1476(b)(1).

Here, plaintiff submitted new evidence in the form of an August 2015 letter from a spinal surgeon, Dr. Todd Kuether, regarding the status of her disc disease. Tr. 126. However, the letter does not specify that the condition had worsened, nor does it outline any limitations or actions that plaintiff should be taking in her day-to-day life to alter the pain. The doctor himself states that although he recommends surgical treatment, "this is done mainly to address nerve or radicular-type symptoms and may or may not necessarily hep her back pain." Tr. 126. In considering this letter as part of the administrative record, the Court notes that the letter does not include a physical examination finding that alter consideration of plaintiff's back problems. Thus, the Court finds that the report provides no new or material information that would have affected the ALJ's decision.

Additionally, the evidence submitted by plaintiff stems from an appointment that occurred more than three months after the ALJ had issued his decision. The period that was adjudicated by the ALJ was March 19, 2013 to May, 13 2015, the letter from Dr. Kuether was written on August 27, 2015, the same day that he examined plaintiff. Thus, the letter does not outline any information that reasonably relates to the period considered by the ALJ in making his determination.

The ALJ found that plaintiff's degenerative disc disease is persistent, and plaintiff would reasonably continue to have doctor appointments to attempt to remedy the problem. However, these new appointments do not relate to the period considered by the ALJ. Therefore, even considering the new evidence submitted by plaintiff, the ALJ's findings are supported with substantial evidence.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of September 2019.

_____
ANN AIKEN
United States District Judge